MORRIS B. NEWMAN *vs.* BURRILLVILLE RACING ASSOCIATION.

NOVEMBER 27, 1953.

PRESENT: Flynn, C. J., Baker and O'Connell, JJ.

BAKER, J. This action of trespass on the case-for negligence was tried in the superior court before a jury which returned a verdict for the defendant. After the trial justice denied plaintiff's motion for a new trial the latter duly prosecuted his bill of exceptions to this court.

It appears from the undisputed evidence that on November 12, 1949 plaintiff was lawfully upon defendant's premises as a business invitee, having paid the necessary admission charges. After leaving the grandstand, from which he had been viewing certain horse races, he fell on a paved area owned and operated by defendant and upon which its patrons' automobiles traveled and were parked. As a result of the fall, a tendon in his right knee was ruptured requiring an operation and the placing of his leg in a cast for a month. He recuperated for another month before returning to his work.

In general it is plaintiff's contention that while in the exercise of due care he was walking in a normal manner in the parking area, after passing through a gateway leading thereto, when he slipped into a depression in the pavement as he was making a turn in front of a standing automobile, thereby causing him to fall and sustain the above-described injury. It is alleged that this depression was covered with sand, had in its center a stone protruding one or two inches, and was of such a nature that it must have developed over a period of time to defendant's knowledge. The plaintiff argues that defendant was guilty of negligence in permitting such a condition to develop and remain unrepaired.

However, defendant maintains in substance that no such depression existed. It introduced evidence which tended to show that plaintiff had told his own doctor the accident occurred when he slipped on a wet patch of ground in defendant's parking lot; that plantiff did not deny telling those who admitted him to the Rhode Island Hospital that when injured he was walking rapidly around a stopped automobile and suddenly twisted his right leg which gave way under him; that he made a similar statement to a member of the state police who was investigating the matter; that no reference to any protruding stone was made on either occasion; that defendant submitted evidence to show that in the summer of 1949 its parking area had been completely

resurfaced by an experienced contractor at a cost of several thousand dollars; and that defendant had not received a complaint of any defect in the pavement and had no knowledge thereof.

The plaintiff waives his first exception but is pressing the remaining ten. His exceptions numbered 2 to 7 inclusive relate to the admission or rejection of evidence, exceptions 8 to 10 inclusive are to the failure of the trial justice to charge the jury as requested, and the eleventh exception is to the denial of the motion for a new trial. We have examined these exceptions and upon consideration are of the opinion that none of them should be sustained.

Exception 2 is to a ruling of the trial justice admitting in evidence over objection a bill, dated August 31, 1949, from Sealdrok Paving Co. to defendant showing work done in resurfacing the parking area and the roads leading into Lincoln Downs, defendant's race track. There was evidence that such work had been satisfactorily performed, and the purpose of the introduction of the bill evidently was to show that the work had actually been done. In our opinion the time when the work was allegedly performed was not too remote from the happening of the accident. The weight of such evidence was for the jury to determine. The question of the application of rule 19 of the rules of practice of the superior court, requiring that in certain instances notice be given to the opposite party before a paper may be used as evidence in a jury trial, was not raised by plaintiff at the trial. Further, if he had any rights thereunder it is our opinion that in the circumstances he waived them. We conclude that the bill was properly admitted in evidence as being relevant and material.

The plaintiff's exceptions 3, 4 and 7 were argued together. They relate to defendant being allowed to ask certain of its witnesses whether before or after November 12, 1949 the existence of any depression, hole, or defect in the parking area in question had been brought to their attention by

report, recollection, or the existence of any record. In our opinion the rulings of the trial justice were proper in the circumstances. The matter referred to was material and relevant in that it went to defendant's lack of knowledge or notice of a defective condition claimed by plaintiff to have existed. The answers would not be conclusive and the weight to be given them was for the jury. Furthermore evidence of a somewhat similar nature given by the above witnesses was later admitted without objection.

The plaintiff's exception 5 is to the allowance of a question asked by defendant in the direct examination of its assistant superintendent as to what he knew about the manner in which the resurfacing was done. It called for the witness' personal knowledge and was not asking for his opinion as plaintiff argues. The answer may not have been entirely responsive but no motion was made to strike it out. We see no prejudicial error in the ruling of the trial justice.

In our opinion plaintiff's exception 6 is without merit. The trial justice sustained defendant's objection to a question asked one of its witnesses in cross-examination. As we view it, the question was argumentative and in effect asked the witness to pass upon the issue whether in the circumstances he had properly performed his own duties. The above exceptions, therefore, numbered 2 to 7 inclusive are overruled.

Assuming without deciding that plaintiff's exceptions 8 to 10 inclusive, which were to the failure of the trial justice to charge the jury as requested by plaintiff in three instances, were properly taken we are of the opinion that they are without merit. In each of these requests plaintiff emphasized that defendant had a "special obligation" to keep its premises in a safe condition for the purposes of its invitation to plaintiff. In our opinion the use of the quoted term was improper, since it was misleading, inaccurate and indefinite. An examination of the charge as given shows that the trial justice recognized that at the time of his injury

plaintiff was a business invitee, and that he also correctly stated to the jury the duty of defendant to such invitee in the circumstances. The general charge substantially covered plaintiff's requests in all other respects except as to the existence of such a special obligation on the part of defendant. That being the case the trial justice was not required to charge the jury in the exact language of plaintiff's requests. *Young* v. *Young*, 56 R. I. 401. The exceptions in question are overruled.

The plaintiff's remaining exception is to the denial of his motion for a new trial. It is clear that in the first instance this case was one of fact for the determination of the jury. The verdict returned by them has been sustained by the trial justice in a decision in which he stated that substantial justice between the parties had been done. In our judgment there is nothing to indicate that in reaching his conclusion he overlooked or misconceived any of the evidence. Furthermore he saw and heard the witnesses testify, an advantage which we do not have. Upon consideration we cannot say that his decision denying plaintiff's motion for a new trial was clearly wrong, and the latter's exception thereto is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Kelaghan & Kelaghan, John B. Kelaghan,* for plaintiff.

*Boss & Conlan, James C. Bulman,* for defendant.